**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | | |
|---|---|---|
| **PATRICIA PURVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** <u>12-cv-2212</u> SAC/KGS |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **MENTOR WORLDWIDE, LLC,** | ) | |
| **COLOPLAST A/S, COLOPLAST CORP.,** | ) | |
| **AND ANALYTIC BIOSURGICAL** | ) | **JURY TRIAL DEMANDED** |
| **SOLUTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

COMES NOW Plaintiff Patricia Purvis, by and through her attorneys of record, and for her causes of action against Defendants Mentor Worldwide, LLC ("Mentor"), Coloplast A/S, Coloplast Corporation, and Analytic Biosurgical Solutions and alleges and avers as follows:

## GENERAL ALLEGATIONS
### PARTIES

1.      Plaintiff Patricia Purvis is a resident of the State of Kansas.

2.      Defendant Mentor is a Delaware limited liability company which has their principal place of business in California at 201 Mentor Drive, Santa Barbara, California 93111.  Mentor Corporation merged with and into Mentor Worldwide, LLC on December 4, 2009.  All acts and omissions of Defendant as described herein were done by their or Mentor Corporation's agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownerships.

3.      Defendant Coloplast A/S is a corporation organized and existing under the laws of the Kingdom of Denmark maintaining its principal place of business at Holtedam 1, Humlebaek 3050, Kingdom of Denmark and maintaining its North American principal place of business at 1601 West River Road, Minneapolis, Minnesota 55411. Coloplast A/S moved its North American headquarters to Minneapolis in June 2006. From 1990 to June 2006, Coloplast A/S maintained its North American headquarters in Marietta, Georgia.

4.      Defendant Coloplast Corporation is a corporation organized and existing under the laws of the State of Delaware maintaining its principal place of business at 1601 West River Road, Minneapolis, Minnesota 55411. Coloplast Corporation moved its North American headquarters to Minneapolis in June 2006. From 1990 to June 2006, Coloplast A/S maintained its North American headquarters in Marietta, Georgia.

5.      Defendant Analytic Biosurgical Solutions ("ABISS") is a corporation organized and existing under the laws of the Republic of France maintaining its principal place of business at 14 Rue de la Telematique, St. Etienne, Loire 42000, Republic of France. ABISS' registered Untied States Food and Drug Administration ("FDA") Agent is Elizabeth A. Boots, residing at 6106 Shamrock Drive, Madison Lake, Minnesota 56063-9525, Vice President, Quality Assurance, of defendant Coloplast Corporation, 1601 West River Road, Minneapolis, Minnesota.

6.      ABISS' FDA registration lists its proprietary device as "Mentor Aris TransObturator Tape and Surgical Kit." On October 12, 2005, ABISS and Mentor

entered into a number of agreements pursuant to which ABISS licensed a number of ABISS' products to Mentor which were thereafter marketed by Mentor under its trademarks, including its Aris trademark. On June 2, 2006, Mentor sold its surgical, urological, clinical and consumer healthcare business segments to Coloplast for $461,145,398.00, including *inter alia*, Mentor's October 12, 2005, agreements with ABISS with Mentor's Aris trademark.

## VENUE AND JURISDICTION

7.      This Court has jurisdiction over this action and each of the plaintiff's claims for relief pursuant to the provisions of 28 U.S.C. § 1332(a) because plaintiff is a citizen of the State of Kansas; ABISS and Coloplast are citizens of foreign states, the Republic of France and the Republic of Denmark, respectively; Coloplast U.S. is a citizen of the States of Delaware and Minnesota, and Mentor is a citizen of the States of Delaware and California.

8.      This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because there is a complete diversity of citizenship between Plaintiff and Defendant.

## FACTUAL ALLEGATIONS

9.      This is an action to recover damages for personal injuries suffered by Plaintiff who has been treated with the prescription medical device Aris Trans-Obturator

Tape (the "Product"), as tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed, sold or otherwise placed in the stream of interstate commerce by Defendants.

10.     The injuries suffered by Plaintiff were caused by the wrongful acts, omissions, and fraudulent representations of Defendants.

11.     At all times material hereto, the Aris Trans-Obturator Tape was designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled, and/or sold by Defendants, for use by individuals including Plaintiff.

12.     At all times herein mentioned the officers and directors of Defendants participated in, authorized and directed the production and promotion of the Product when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of the Product and thereby actively participated in the tortious conduct which resulted in the injuries suffered by Plaintiff.

13.     The Product was promoted by Defendants as safe and effective treatment for female urinary incontinence that could be installed by urologists in their patients quickly and on an outpatient basis.  Plaintiff and/or her physicians relied on Defendants' promises of safety.  What Plaintiff received, however, was not a safe device, but a device known by Defendants to cause serious internal injuries.

14.     Plaintiff was implanted with the Product on July 7, 2006 by Dr. Cheng H. Hsu at Saint Francis Health Center in Topeka, Kansas, which was designed, manufactured, packaged, labeled, distributed and sold by Defendants.  The Product was intended to treat Plaintiff for stress urinary incontinence, the use for which Defendants marketed the product.  Plaintiff's treating physicians implanted the Product properly and appropriately.

15.     After, and as a result of the implantation of the Product, Plaintiff has suffered and will continue in the future to suffer severe and permanent bodily injuries and significant mental and physical pain and suffering, and economic losses.  Plaintiff first learned that there was a defect with the Product used in her surgery no earlier than May 2011.

16.     At all times material hereto, Defendants failed to comply or properly comply with Federal law in connection with the Product.

17.     The risk of serious injuries was known or should have been known to Defendants, but in spite of these risks, Defendants continued to market the Product to physicians and patients without adequate warnings.

18.     Had Defendants properly disclosed the risks associated with the Product, Plaintiff would not have used it.

19.     As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective

characteristics of the Product, Plaintiff suffered and will continue to suffer severe and permanent physical injuries. Plaintiff continues to endure substantial pain and suffering. She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Her injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

## COUNT I
## Negligence

20.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

21.     Defendants, at all relevant times, had a duty to exercise reasonable care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of the Product into the stream of commerce, including a duty to ensure that the Product did not cause users to suffer from reasonably foreseeable, dangerous side effects and serious health problems.

22.     Defendants at all relevant times knew or, in the exercise of reasonable care, should have known that the Product was of such a nature that it was not properly designed, manufactured, labeled, tested, distributed, advertised, marketed, promoted

6

and/or sold with the proper warnings, and was unreasonably likely to injure the Product's users.

23.     Defendants so negligently and carelessly designed, manufactured, labeled, tested, examined, distributed, advertised, marketed, promoted, sold and/or supplied the Product, that it was dangerous and unsafe for the uses and purposes for which it was intended.

24.     Defendants were aware of the probable consequences of the Product.

25.     Defendants knew or should have known the Product would cause serious injury; however, they failed to disclose the known or knowable risks associated with the Product.

26.     Defendants willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of the Plaintiff.

27.     Defendants owed a duty to Plaintiff to adequately warn her and her treating physicians, of the risks associated with the Product and the resulting harm and risk it would cause patients.

28.     Defendants breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Product.

29.     As a direct and proximate result of Defendants' breach, the Product used to treat Plaintiff's female urinary incontinence failed, resulting in the Plaintiff suffering serious injury, pain and harm.

30.      As result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

31.     Defendants' conduct in continuing to market, sell and distribute the Product after obtaining knowledge that it was failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional punitive damages in such a sum as would serve to punish Defendant and to deter others from similar conduct in the future.

WHEREFORE, Plaintiff prays for judgment in Count I against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT II
## Strict Product Liability – Defective Design

32.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

33.     At all times relevant herein, Defendants were responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Product.

34.     The Product is defective in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purposes and/or its foreseeable risks exceed the benefits associated with its design.

35.     At all times relevant herein, the Product was expected to reach, and in fact did reach, consumers in the State of Kansas and throughout the United States without substantial change in the condition in which it was sold.

36.     At all times relevant herein, Defendants intended for their Product to be surgically implanted into members of the general public, including Plaintiff, and knew or should have known that the Product would be surgically implanted into members of the general public, including Plaintiff.

37.     The implantation of the Product into Plaintiff was reasonably foreseeable and it was used in the manner for which it was intended by the Defendants.

38.     At all times relevant herein, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants in a defective and unreasonably dangerous condition at the time it was placed

in the stream of commerce in ways which include, but are not limited to, one or more of the following:

       a.      When placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting individuals, including Plaintiff to risks that exceeded the benefit of the Product, including but not limited to the risks of developing serious and dangerous side effects, serious infection, the need for additional procedures to remove and replace the Product, and/or the need for additional surgery as well as other severe and permanent health consequences;

       b.      When placed in the stream of commerce, the Product was defective in design, making the use of the Product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with alternatives;

       c.      The Product's design defects existed before it left the control of Defendants;

       d.      The Product was insufficiently tested;

       e.      The Product caused harmful side effects that outweighed any potential utility; and

       f.      The Product was not accompanied by adequate instruction and/or warnings to fully apprise consumers, including Plaintiff herein, of the full nature and extent of the risks and side effects associated with their use, thereby rendering Defendants liable to Plaintiff.

39.     In addition, at the time the Product left the control of the Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the Product.  These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the Product's utility.

40.     As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count II against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT III
## Strict Product Liability – Manufacturing Defect

41.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

42.     At all times relevant herein, the Defendants were engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Product.

43.     At all times relevant herein, the Product was expected to reach, and did reach, consumers in the State of Kansas and throughout the United States without substantial change in the condition in which it was sold.

44.     The implantation of the Product into Plaintiff was reasonably foreseeable and it was used in the manner for which it was intended by the Defendants.

45.     At all times relevant herein, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants in a defective and unreasonably dangerous condition at the time they were placed in the stream of commerce in ways which include, but are not limited to, one or more of the following:

    a.     When placed in the stream of commerce, the Product contained manufacturing defects which rendered the product unreasonably dangerous and subjected Plaintiff to risks that exceeded the benefit of the Product, including but not limited to the risks of developing serious and dangerous side effects, serious infection, the need for additional procedures to remove and replace the Product,

and/or the need for additional surgery as well as other severe and permanent health consequences;

      b.    The Product's manufacturing defects occurred while the product was in the possession and control of the Defendants;

      c.    The Product was not made in accordance with Defendants' specifications or performance standards; and

      d.    The Product's manufacturing defects existed before it left the control of Defendants.

46.    As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count III against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT IV
## Strict Product Liability – Failure to Warn

47.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

48.    The Product was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert consumers, including Plaintiff herein, of the dangerous risks and reactions associated with the Product including but not limited to its propensity to cause injury, subjecting Plaintiff to risks that exceed the benefit of the Product, including but not limited to the risks of developing serious and dangerous side effects, serious infection, the need for additional procedures to remove and replace the Product and/or the need for additional surgery as well as other severe and permanent health consequences, notwithstanding Defendants' knowledge of an increased risk of these injuries and side effects over other forms of treatment for female urinary incontinence.

49.    At all times relevant herein, Defendants were engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Product.

50.    At all times relevant herein, Defendants intended for the Product to be surgically implanted into members of the general public, including Plaintiff, and knew or should have known that the products would be surgically implanted into members of the general public, including Plaintiff.

51.    Placement of the Product into Plaintiff was reasonably foreseeable and it was used in the manner for which it was intended by Defendants.

52.    Plaintiff could not, by the exercise of reasonable care, have discovered the defects herein mentioned and perceived their danger.

53.    Defendants, as manufacturers, designers, distributors, and/or sellers of the Product are held to the level of knowledge of experts in the field.

54.    Plaintiff, individually and through her physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendants.

55.    The warnings that were given by Defendants were not accurate, clear and/or were ambiguous.

56.    The warnings that were given by Defendants failed to properly warn physicians of the increased risks associated with the Product, subjecting Plaintiff to risks that exceeded the benefit of the product, including but not limited to the risks of developing serious and dangerous side effects, serious infection, the need for additional procedures to remove and replace the Product and/or the need for additional surgery as well as other severe and permanent health consequences.

57.    Defendants had a duty to warn Plaintiff of the dangers associated with the Product.

58.    Had Plaintiff received adequate warnings regarding the risks of the Product, she would not have used it.

59.    As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will

continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count IV against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## <u>COUNT V</u>
### <u>Breach of Implied Warranties</u>

60.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

61.    Defendants designed, manufactured, marketed, distributed, supplied and sold the Product for the treatment of female urinary incontinence.

62.    Defendants sold the Product which was implanted into Plaintiff, and prior to its implantation, Defendants impliedly warranted to Plaintiff, and to her physicians and health care providers, that the product was of merchantable quality and safe and fit for the uses for which it was intended.

63.     Plaintiff and her physicians and health care provider reasonably relied on Defendants' judgment, statements and indications that the Product was fit for such uses.

64.     At the time of the sale of the Product, Defendants knew, or should have known, that the Product's intended uses were to be surgically implanted into the body for the treatment of female urinary incontinence.

65.     At the time of Plaintiff's receipt and/or use of the Product, the Product was being used for the purposes and in a manner normally intended, namely for the treatment of female urinary incontinence.

66.     Due to Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the Product until after it was implanted in Plaintiff.

67.     When the Product was distributed into the stream of commerce and sold by Defendants, it was unsafe for its intended uses, and not of merchantable quality, as warranted by Defendants in that it had very dangerous propensities when used as intended and implanted into a patient's body where it could cause serious injury or harm or death to the end user.

68.     As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically,

emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count V against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VI
## Breach of Express Warranties

69.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

70.     Defendants expressly warranted and/or represented to physicians and healthcare providers that the Product was safe and fit for use for the purposes intended, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended uses.

71.     Members of the medical community, including physicians and other healthcare professionals, relied upon the representations and warranties of Defendants for use of the Product.

72.     Plaintiff did so rely on the express warranties of Defendants herein.

73.     The Product does not conform to the express representations because the Product is not safe and has numerous serious risks and side effects.

18

74.     Defendants knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that the Product was not safe and fit for the uses intended, and, in fact, produced serious injuries to the users.

75.     As a result of the foregoing acts and/or omissions, Plaintiff was and still is caused to suffer and/or at a great risk of suffering serious and dangerous side effects including but not limited to serious infection, the need for additional procedures to remove and replace the Product and/or the need for surgery as well as other severe and permanent health consequences.

76.     As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count VI against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VII
## Fraudulent Misrepresentation

77.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

78.     Defendants falsely and fraudulently represented to the medical and healthcare community, and to Plaintiff and the general public, that the Product had been tested and was found to be safe and/or effective for the treatment of female urinary incontinence.

79.     The representations made by Defendants were, in fact, false.

80.     When said representations were made by Defendants, they knew those representations to be false and they willfully, wantonly and recklessly disregarded whether the representations were true.

81.     These representations were made by Defendants with the intent of defrauding and deceiving Plaintiff, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community, to recommend, prescribe, dispense and/or purchase the Product for the treatment of female urinary incontinence, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff and the general public.

82.     At the time the aforesaid representations were made by Defendants and, at the time Plaintiff was treated with the Product, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

83.    In reliance upon said representation, Plaintiff was induced to and did use the Product, thereby sustaining severe and permanent personal injuries, including but not limited to serious infection, the need for additional procedures to remove the Product, as well as other severe and permanent health consequences.

84.    Defendants knew and were aware or should have been aware that the Product had not been sufficiently tested, were defective in nature, and/or that they lacked adequate and/or sufficient warnings.

85.    Defendants knew or should have known that the Product had the potential to, could, and would cause severe and grievous injury to the users of said product, and that they were inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

86.    Defendants brought the Product to the market, and acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

87.    As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count VII against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VIII
## Negligent Misrepresentation

88.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

89.     Defendants had a duty to represent to the medical and healthcare community, and to Plaintiff, and the general public that the Product had been tested and found to be safe and effective for the treatment of female urinary incontinence.

90.     The representations made by Defendants were, in fact, false.

91.     Defendant failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce in that Defendants negligently misrepresented the Product's high risk of unreasonable, dangerous side effects including, but not limited to, the risk of developing serious infection and permanent scarring.

92.     Defendants breached their duty in misrepresenting the Product's serious side effects to the medical and healthcare community, to the Plaintiff, and the public in general.

93.     As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries.  She has endured, and will continue to endure, substantial pain and suffering.  She has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity.  Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Her injuries and damages are permanent and will continue into the future.  Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count VIII against Defendants for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a jury trial at Kansas City, Kansas.

Date: April 12, 2012

Respectfully submitted,

s/Derek H. Potts
Derek H. Potts          KS #18033
The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, Missouri 64105
(816) 931-2230 PHONE
(816) 931-7030 FAX
Email: dpotts@potts-law.com

And

James Bartimus        KS #22303
Bartimus Frickleton Robertson & Gorny PC
11150 Overbrook Road, Suite 200
Leawood KS 66211
(913) 266-2300
(913) 266-2366 TELEFAX
Email:  jb@bflawfirm.com